UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

U.S. PATENT NO. 7,679,637 LLC

                    Plaintiff,

        v.

GOOGLE, LLC,

                    Defendant.

CASE NO. 2:23-cv-00592-JHC

FIRST AMENDED COMPLAINT

JURY DEMAND

Plaintiff U.S. Patent No. 7,679,637 LLC files this Amended Complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code against Defendant Google, LLC ("Google") and alleges as follows:

**PARTIES**

1.      Plaintiff U.S. Patent No. 7,679,637 LLC is a limited liability company organized under Washington law and with a place of business in Bellevue, Washington.  The Plaintiff owns all right, title and interest in U.S. Patent No. 7,679,637.

2.      Defendant Google is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3.      Google does business across the United States, including in the State of Washington and in this District. As Google explains on one of its websites: "In Washington

FIRST AMENDED COMPLAINT - 1
CASE NO.  2:23-cv-00592-JHC

(Seattle, Kirkland, Bellevue and Redmond), we bring creative ideas to large-scale projects that affect billions of lives. Google Washington is the second largest global engineering office outside of the Bay Area, representing almost every Google product."
https://careers.google.com/locations/seattle-kirkland-bellevue-redmond/.

4.    Google's website lists 410 job openings in the Seattle, Kirkland, Bellevue and Redmond areas.

5.    For the relevant time periods of this action, Google made, used, offered for sale and sold in the United States a video presentation system under the brand name YouTube.

**JURISDICTION AND VENUE**

6.    This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and more particularly 35 U.S.C. § 271.

7.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.    Google is subject to this Court's general personal jurisdiction pursuant to due process and/or the Washington Long Arm Statute, RCW § 4.28.185, due at least to its substantial business conducted in this forum, including (i) having solicited business in the State of Washington, transacted business within the State of Washington and attempted to derive financial benefit from residents of the State of Washington, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Washington and in this District, and (iii) having committed the complained of tortious acts in Washington and in this District. Google, directly and/or through subsidiaries and agents (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and

FIRST AMENDED COMPLAINT - 2
CASE NO.  2:23-cv-00592-JHC

advertises (including offering products and services through its website, http://www.youtube.com, as well as other retailers) its products and/or services in the United States, the State of Washington, and this District. Google, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in this District.  These infringing products and/or services have been and continue to be purchased and used by consumers in this District. Google has committed acts of patent infringement within the State of Washington and, more particularly, within this District.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## BACKGROUND

10.      The inventor, Jeffrey Kohler, has a B.S. in Computer Science and Engineering from Michigan State University and an M.B.A. from Purdue University, and worked for Microsoft for over 15 years.  He now works at Meta.

## THE PATENT-IN-SUIT AND CLAIMS-IN-SUIT

11.      On March 16, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,679,637, entitled "Time-Shifted Web Conferencing," and naming Mr. Kohler as the inventor (the "'637 Patent" or "Patent-in-Suit").

12.      U.S. Patent No. 7,679,637 LLC is the owner of the '637 Patent.

13.      U.S. Patent No. 7,679,637 LLC has the exclusive right to enforce and collect damages for infringement of the Patent-in-Suit during all relevant time periods.

14.      U.S. Patent No. 7,679,637 LLC asserts that at least the following claims of the '637 Patent are infringed directly by Google's YouTube service: claims 2, 3, 4, 5, 7, 8 and 9, and that,

FIRST AMENDED COMPLAINT - 3
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

in the alternative, Google induces infringement of certain ways the YouTube system works to indirectly infringe claims 2, 3, 4, and 5 of the '637 Patent.

15.    U.S. Patent No. 7,679,637 LLC does not offer a system practicing the claims of the '637 Patent, and there are no licensees to the '637 Patent. Consequently, there are no products to mark with the patent number of the '637 Patent.

## GOOGLE'S INFRINGING PRODUCTS

16.    Google is one of the largest technology companies in the world and it develops and distributes a large and growing number of products including software, hardware, operating systems, "over-the-top" video distribution systems, and software applications (also known as "apps").

17.    Google maintains a list of its products on a Google-owned webpage: https://about.google/intl/ALL_us/products/.    The products include: Android; Android Auto; Android TV; Calendar; Cars with Google built-in; Chrome;  Chrome Enterprise; Chromebook; Chromecast; Contacts; Docs; Drawings; Drive; Earth; Exposure Notifications; Finance; Forms; Gboard; Gmail; Google Alerts; Google Arts & Culture; Google Assistant; Google Authenticator; Google Cast; Google Chat; Google Classroom; Google Cloud Print; Google Expeditions; Google Fi Wireless; Google Fit; Google Flight; Google Fonts; Google Groups; Google Health Studies; Google Home; Google Input Tools; Google Maps; Google Meet; Google One; Google Pay; Google Photos; Google Play; Google Play Books; Google Play Games; Google Shopping; Google Store; Google TV; Google Wallet; Google Workspace; Keep; Lens; Messages; Nest; Nest Wifi; News; Pixel; Pixel Buds; Pixelbook Go; Play Protect; Podcast; Scholar; Search; Sheets; Sites; Slides; Tilt Brush; Translate; Trave; Voice; Waze; Wear OS by Google; YouTube; YouTube Kids; YouTube Music; and YouTube TV.

FIRST AMENDED COMPLAINT - 4
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

18.     The myriad number of Google products also results in an almost incalculable number of ways that Google products can be used together or with products made by third parties.  For example, Google makes several operating systems, such as Android, which is used as the operating system on many hardware devices Google sells under Google brand names (for example Pixel mobile phones or Chromebook tablets and computers).  Google also distributes Android for use as an operating system on devices made by third parties, such as Samsung smartphones.

19.     The list of just smartphones running Android is so extensive, the Wikipedia page attempting to list the devices states: "This is a dynamic list and may never be able to satisfy particular standards for completeness."  https://en.wikipedia.org/wiki/List_of_Android_smartphones.    The page lists well over 1,000 smartphones using Google's Android Operating System, with links to over 1,800 references.

**YouTube**

20.     Google owns a property it generally refers to as "YouTube," which provides users access to stored and live videos and audios.

21.     Google put the YouTube system into place, exercises control over it, and benefits from the YouTube system.

22.     One way Google allows access to YouTube content is by maintaining a website at the address https://www.youtube.com/ (the "YouTube Website").

23.     Another way Google allows access to YouTube content is by developing and distributing an application called "YouTube" that is made available in several formats, including for devices using either the Android or iOS operating systems (the "YouTube App").

FIRST AMENDED COMPLAINT - 5
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

24.     Google allows and encourages "live streaming" to the YouTube Website or the YouTube App through at least three different technologies: webcams, mobile, and the use of an encoder.  This complaint focuses on the last two technologies: mobile and the use of an encoder.

25.     For mobile-based live streaming, Google does not require the use of encoding software; Google supports live streaming through YouTube from Android devices or Apple iPhone or iPad devices.

26.     For encoder-based live streaming, Google maintains "live streaming" webpages, such as studio.youtube.com, which is one way users initiate a live stream on YouTube.  For encoder-based live streaming, Google also instructs users how to add a third-party encoder that can take the form of software encoders, hardware encoders, or mobile encoders.

27.     Google controls and/or directs the actions of the third-party encoders, including by, for example, establishing technical specifications that the encoders must meet and how they must function in Google's system, including by requiring the encoders to accept inclusion of a YouTube "stream key" and by verifying the encoders comply with YouTube's extensive "verification prerequisites"

28.     YouTube's control over verified encoders includes the following general requirements (each with its's own list of sub-requirements):  Correct API Use; Optimal User Experience;  Transmission;  Error  Handling;  Measurability  and  Brand  Use.  https://support.google.com/youtube/answer/6259859?sjid=567257342420393900-NA.

29.     YouTube also requires that encoders comply with YouTube Live encoding standards. https://support.google.com/youtube/answer/2853702?sjid=15578218290160645545-NA

FIRST AMENDED COMPLAINT - 6
CASE NO.  2:23-cv-00592-JHC

30.    Google expressly instructs how users should setup systems for live streaming using software or hardware encoders, both of which also require the use of a YouTube "stream key" for the live stream to be initiated.



**Gaming & casual live streams**
Many streamers use an external microphone, webcam, and headphones. Gamers may also use other tools like a greenscreen.



**Professional live streams**
Advanced stream setups can include more than one microphone, camera, mixer, and hardware encoder.

https://support.google.com/youtube/answer/2907883?hl=en&ref_topic=9257984&sjid=7224752144479992201-NA#zippy=

31.    Google also includes extensive instructions for how streaming software functions on Google's system studio.youtube.com website.  Google instructs users wishing use Google's system to live stream content to "paste the [YouTube] stream key into your software" that is used to stream content to YouTube.

FIRST AMENDED COMPLAINT - 7
CASE NO.  2:23-cv-00592-JHC

32.    Regardless of how a live stream on YouTube is activated (mobile, or an encoder/YouTube stream key), Google has programmed YouTube to allow what it calls a "DVR feature" for live streaming.

33.    When the DVR feature is activated, Google's system allows YouTube viewers of live streams to "pause, rewind, and continue during the event."

34.    Google exercises control of the YouTube system and benefits from its use.

35.    According to its 2021 10-K, Google earned $19.722 billion from YouTube ads in 2020, and $28.845 billion from YouTube ads in 2021.  Source: https://www.sec.gov/Archives/edgar/data/1652044/000165204422000019/goog-20211231.htm (page 33).

36.    In addition to billions in ad-related revenue from YouTube, Google earns other revenue from YouTube, including YouTube Premium and YouTube TV subscriptions.  Google included this revenue in a broader category called "other," which had revenues of $21.711 billion in 2020 and $28.032 billion in 2021. Google disclosed that the $6.3 billion increase from 2020 to 2021 "was primarily driven by YouTube non-advertising and hardware, followed by Google Play. Growth for YouTube non-advertising was primarily due to an increase in paid subscribers." Source: https://www.sec.gov/Archives/edgar/data/1652044/000165204422000019/goog-20211231.htm  (pages 30, 33, and 34).

37.    Google directly infringes the asserted claims of the Patent-in-Suit under 35 U.S.C. § 271(a) by making, using, supplying, offering for sale, and selling YouTube in the U.S. that includes the systems claimed in the Patent-in-Suit.

**Google Meet**

FIRST AMENDED COMPLAINT - 8
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

38.     Google also owns a property called "Google Meet."

39.     Like YouTube, Google Meet is distributed or accessible many ways, including through a Google-owned website (https://meet.google.com/) and the Google Meet App.

40.     Google Meet is also included as part of Google Workspace, a subscription service Google offers that has several different tiers – Individual (at $9.99 per month), Business Starter (at $6 per user per month); Business Standard (at $12 per user per month); Business Plus (at $18 per user per month); and Enterprise (call for pricing). https://workspace.google.com/pricing.html.

41.     The higher pricing for the Business Standard, Business Plus, and Enterprise plans is directly tied, at least in part, to the number of participants who can attend a Google Meet event, recording those events, and in-domain live streaming.

42.     Google provides the following comparison of the features of Google Meet that it offers in the four business plans.  All plans include "digital whiteboarding:"

FIRST AMENDED COMPLAINT - 9
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

| | Business Starter | MOST POPULAR Business Standard | Business Plus | Enterprise |
|---|---|---|---|---|
| | Get started | Get started | Get started | Contact sales |
| Meet Video and voice conferencing | 100 participants | 150 participants | 500 participants | 1000 participants |
| Meeting length (maximum) | 24 hours | 24 hours | 24 hours | 24 hours |
| US or international dial-in phone numbers | ✓ | ✓ | ✓ | ✓ |
| Digital whiteboarding | ✓ | ✓ | ✓ | ✓ |
| Noise cancellation | — | ✓ | ✓ | ✓ |
| Meeting recordings saved to Google Drive | — | ✓ | ✓ | ✓ |
| Polling and Q&A | — | ✓ | ✓ | ✓ |
| Moderation controls | — | ✓ | ✓ | ✓ |
| Hand raising | — | ✓ | ✓ | ✓ |
| Breakout rooms | — | ✓ | ✓ | ✓ |
| Attendance tracking | — | — | ✓ | ✓ |
| In-domain live streaming | — | — | — | ✓ |

43.     The premium version of Google Meet also supports live streaming to YouTube, where features such as YouTube's DVR feature allow stop, rewinding, and forwarding content.

**COUNT I: Infringement of Claim 2 of the '637 Patent**

44.     U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 43 of this Complaint as though set forth fully here.

45.     Claim 2 of the '637 Patent provides:

| Preamble of Claim 2 | A web conferencing system comprising: |
|---|---|
| Element A | (a) a first client application allowing at least one presenting participant to share computer screen video, |

FIRST AMENDED COMPLAINT - 10
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

| Element B | (b) said first client application also being arranged to allow said presenting participant to share at least one data stream selected from the group consisting of chat data, documents, web pages and white-boarding session, |
|---|---|
| Element C | (c) storage means for recording said computer screen video and said data stream, and |
| Element D | (d) a second client application allowing at least one observing participant to sense said computer screen video and said data stream live, |
| Element E | (e) said second client application also being arranged to allow said observing participant to selectively sense a previously presented and recorded part of said computer screen video and said data stream while said presenting participant is sharing a current part of said computer screen video and said data stream, |
| Element F | (f) said second client application also being arranged to allow said observing participant to selectively sense a previously presented and recorded part of said computer screen video and said data stream after said presenting participant has finished sharing a said computer screen video and, said data stream |
| Element G | whereby said web conferencing system is able to simultaneously record said computer screen video and said data stream and allow said observing participant to sense current and previously presented parts of said computer screen video and said data stream. |

46.     As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 2 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

47.     Google directly infringes each and every element of claim 2 at least in the situation where a user is capturing screen video and livestreaming it though YouTube using a mobile device.

48.     Google also directly infringes each and every element of claim 2 at least in the situation where a user is sharing a conference initiated in Google Meet and livestreaming the conference on YouTube at least with the use of Google Meet's Jam Board Feature.

FIRST AMENDED COMPLAINT - 11
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

49.     Google also directly infringes every element of 2 where Google provides a user with a Google "live stream key" enabling the user to share computer video data through initiating live streaming through a YouTube live stream website such as studio.youtube.com.

50.     To the extent an encoder is necessary, Google controls an/or directs how the third-party encoders must operate such that Google is the party putting the infringing system into use and benefitting from that use and Google directly infringes claim 2 for that reason.

51.     In the alternative, if element A of claim 2 is interpreted to require the use of a third-party encoder as "the first client application" (as opposed to a YouTube live streaming website itself being the first client application) and the Court concludes that Google does not control or direct the third-party encoder to comply with the YouTube system, then Google is liable for inducing infringement of claim 2 because Google had knowledge of '637 patent and the way YouTube infringed claim 2 of that patent at least as early as the date the initial complaint was served on Google in this action and Google has continued to expressly promote the use of encoders (software or hardware) to capture computer screen video for livestreaming on YouTube. See paragraphs 26 to 31 above.

**COUNT II: Infringement of Claim 3 of the '637 Patent**

52.     U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 151 of this Complaint as though set forth fully here.

53.     Claim 3 of the '637 Patent provides:

| Claim 3 | The system of claim **2** wherein: |
|---|---|
| Element A | (a) said first client application allows said presenting participant to share audio data |
| Element B | (b) said storage means records said audio data, and |

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

| Element C | (c) said second client application allows said observing participant to sense said audio data. |
|---|---|

54.     As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 3 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

55.     Claim 3 depends on claim 2, and Google infringes claim 2 for the reasons set forth in Count I.

56.     Google directly infringes each and every element of claim 3 at least in the situation where a user is capturing audio and sharing it though YouTube using a mobile device.

57.     Google also directly infringes each and every element of claim 3 at least in the situation where a user is sharing a conference initiated in Google Meet and livestreaming the conference on YouTube including sharing audio data.

58.     Google also directly infringes every element of 3 where Google provides a user with a Google "live stream key" enabling the user to share audio data through YouTube.

59.     To the extent an encoder is necessary, Google controls an/or directs how the third-party encoders must operate such that Google is the party putting the infringing system into use and benefitting from that use and Google directly infringes claim 3 for that reason.

60.     In the alternative, if element A of claim 3 is interpreted to require the use of a third-party encoder as "the first client application" (as opposed to YouTube itself being the first client application) and the Court concludes that Google does not control or direct the third party encoder to comply with the YouTube system, then Google is liable for inducing infringement of claim 3

FIRST AMENDED COMPLAINT - 13
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

because Google had knowledge of '637 patent and the way YouTube infringed claim 3 of that patent at least as early as the date the initial complaint was served on Google in this action and Google has continued to expressly promote the use of encoders (software or hardware) to capture audio data for livestreaming on YouTube. See paragraphs 26 to 31 above.

**COUNT III: Infringement of Claim 4 of the '637 Patent**

61.    U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 60 of this Complaint as though set forth fully here.

62.    Claim 4 of the '637 Patent provides:

| Claim **4** | The system of claim **3** wherein: |
|---|---|
| Element A | (a) said web conferencing system includes an audio time-scale modification component, |
| Element B | (b) said second client application also allows said participant to observe said computer screen video, said data stream, and said audio data at an adjustable rate of speed, |
| Element C | whereby said audio time-scale modification component maintains substantially consistent perceived aspects of audio quality at a plurality of chosen playback rates of speed. |

63.    As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 4 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

64.    Claim 4 depends on claim 3, and Google infringes claim 3 for the reasons set forth in Count II (and claim 2 for the reasons set forth in Count I).

65.    The "time scale modification component" discussed in claim 4 is a function of the settings supported in YouTube for playing livestream content.  Once the basis of Google's

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

infringement of claims 2 and 3 is established (direct infringement or indirect infringement or both), Google infringes claim 4 on the same basis.

### COUNT IV: Infringement of Claim 5 of the '637 Patent

66.    U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 65 of this Complaint as though set forth fully here.

67.    Claim 5 of the '637 Patent provides:

| Claim 5 | The system of claim **4** wherein said second client application also allows said observing participant to perform time-shifting operations comprising pausing, resuming and seeking. |
|---|---|

68.    As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 5 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

69.    Claim 5 depends on claim 4, and Google infringes claim 4 for the reasons set forth in Count III (and claim 3 for the reason set forth in Count II and claim 2 for the reasons set forth in Count I).

70.    The "time-shifting operations" discussed in claim 5 are a function of the settings supported in YouTube for playing livestream content.  Once the basis of Google's infringement of claims 2, 3, and 4 is established (direct infringement or indirect infringement or both), Google infringes claim 5 on the same basis.

### COUNT V: Infringement of Claim 7 of the '637 Patent

71.    U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 43 of this Complaint as though set forth fully here.

FIRST AMENDED COMPLAINT - 15
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

72.     Claim 7 of the '637 Patent provides:

| Preamble of Claim 7 | A web conferencing system comprising: |
|---|---|
| Element A | (a) a first client application that allows at least one presenting participant to share data streams comprised of audio data and computer screen video data |
| Element B | (b) a second client application that allows at least one observing participant to sense said data streams |
| Element C | (c) a server application operatively connected to said first client application and to said second client application, said server application arranged to: i. receive said data streams from said first client application and record it in a storage device ii. retrieve said data streams from said storage device and send it to said second client application |
| Element D | (d) a time-scale modification component operatively connected to said second client application which is able to maintain substantially consistent perceived audio quality at a plurality of playback rates |
| Element E | whereby said data streams from said first client application can be simultaneously recorded by and retrieved from said storage device, and said second client application allows said observing participant to sense said data streams in real-time, and said second client application also allows said observing participant to selectively sense a previously presented and recorded part of said data streams at a plurality of playback rates at the same time that said presenting participant is sharing a current part of said data streams and after said presenting participant has stopped sharing, and said observing participant will perceive substantially consistent audio quality. |

73.     As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 7 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

FIRST AMENDED COMPLAINT - 16
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

74.     Claim 7 is limited to audio and computer screen data.  The YouTube application meant for playback through TVs also has DVR functionality for audio and computer screen data and therefore infringes claim 7 directly.

75.     Google directly infringes each and every element of claim 7 at least in the situation where a user is capturing screen video data and audio data and sharing it though YouTube using a mobile device.

76.     Google also directly infringes each and every element of claim 7 at least in the situation where a user is sharing a conference initiated in Google Meet and livestreaming the conference on YouTube.

77.     Google also directly infringes every element of 7 where Google provides a user with a Google "live stream key" enabling the user to share computer video data and audio data through YouTube.

78.     To the extent an encoder is necessary, Google controls an/or directs how the third-party encoders must operate such that Google is the party putting the infringing system into use and benefitting from that use and Google directly infringes claim 7 for that reason.

79.     In the alternative, if element A of claim 7 is interpreted to require the use of a third-party encoder as "the first client application" (as opposed to YouTube itself being the first client application) and the Court concludes that Google does not control or direct the third party encoder to comply with the YouTube system, then Google is liable for inducing infringement of claim 7 because Google had knowledge of '637 patent and the way YouTube infringed claim 7 of that patent at least as early as the date the initial complaint was served on Google in this action and Google has continued to expressly promote the use of encoders (software or hardware) to capture computer screen video for livestreaming on YouTube. See paragraphs 26 to 31 above.

FIRST AMENDED COMPLAINT - 17
CASE NO.  2:23-cv-00592-JHC

Summit Law Group, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**COUNT VI: Infringement of Claim 8 of the '637 Patent**

80.    U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 43 and 71-79 of this Complaint as though set forth fully here.

81.    Claim 8 of the '637 Patent provides:

| Claim 8 | The system of claim **7** wherein said data streams also include data selected from the group consisting of chat data, documents, web pages and white-boarding session. |
|---------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

82.    As shown on the claim chart attached as Exhibit 1, which is incorporated by reference, Google's YouTube service directly practices each and every element of claim 8 of the '637 Patent.  The claim chart on Exhibit 1 shows preliminary analysis and exemplary preliminary evidence based on public information.

83.    Google directly infringes each and every element of claim 8 at least in the situation where a user is capturing screen video and livestreaming it though YouTube using a mobile device.

84.    Google also directly infringes each and every element of claim 8 at least in the situation where a user is sharing a conference initiated in Google Meet and livestreaming the conference on YouTube at least with the use of Google Meet's Jam Board Feature.

85.    Google also directly infringes every element of 8 where Google provides a user with a Google "live stream key" enabling the user to share computer video data through initiating live streaming through a YouTube live stream website such as studio.youtube.com.

86.    To the extent an encoder is necessary, Google controls an/or directs how the third-party encoders must operate such that Google is the party putting the infringing system into use and benefitting from that use and Google directly infringes claim 8 for that reason.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

In the alternative, if element A of claim 8 is interpreted to require the use of a third-party encoder as "the first client application" (as opposed to a YouTube live streaming website itself being the first client application) and the Court concludes that Google does not control or direct the third-party encoder to comply with the YouTube system, then Google is liable for inducing infringement of claim 8 because Google had knowledge of '637 patent and the way YouTube infringed claim 8 of that patent at least as early as the date the initial complaint was served on Google in this action and Google has continued to expressly promote the use of encoders (software or hardware) to capture computer screen video for livestreaming on YouTube. See paragraphs 26 to 31 above.

### COUNT VII: Infringement of Claim 9 of the '637 Patent

87.    U.S. Patent No. 7,679,637 LLC reasserts and realleges paragraphs 1 through 43 and 71-86 of this Complaint as though set forth fully here.

88.    Claim 9 of the '637 Patent provides:

| Claim 9 | The system of claim **8** wherein said second client application allows said observing participant to perform time-shifting operations comprising pausing, resuming and seeking said data streams. |
|---|---|

89.    As shown on the claim chart attached as Exhibit 2, which is incorporated by reference, Google's YouTube service practices each and every element of claim 9 of the '637 Patent. The claim chart on Exhibit 2 shows preliminary analysis and exemplary preliminary evidence based on public information.

90.    Claim 9 depends on claim 8, and Google infringes claim 9 for the reasons set forth in Count V (and claim 8 for the reason set forth in Count VI.

91.    The "time-shifting operations" discussed in claim 9 are a function of the settings supported in YouTube for playing livestream content. Once the basis of Google's infringement of

FIRST AMENDED COMPLAINT - 19
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

claims 7, and 8 is established (direct infringement or indirect infringement or both), Google infringes claim 9 on the same basis.

## JURY DEMAND

U.S. Patent No. 7,679,637 LLC demands a trial by jury on all issues that may be so tried.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff U.S. Patent No. 7,679,637 LLC requests that this Court enter judgment in its favor and against Defendant Google Corporation as follows:

A.   Adjudging, finding, and declaring that Google has infringed the above-identified claims of the Patent-in-Suit under 35 U.S.C. § 271;

B.   Awarding the past and future damages arising out of Google's infringement of the claims of the Patent-in-Suit to U.S. Patent No. 7,679,637 LLC in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C.   Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

D.   Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

E.   Granting U.S. Patent No. 7,679,637 LLC such other further relief as is just and proper, or as the Court deems appropriate.

DATED this 31st day of July, 2023.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

By *s/ J. Chad Mitchell*
J. Chad Mitchell, WSBA #39689

FIRST AMENDED COMPLAINT - 20
CASE NO.  2:23-cv-00592-JHC

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

315 5th Ave. S., Ste. 1000
Seattle, WA 98104-2682
Telephone: (509) 735-5053
*chadm@summitlaw.com*


GLOBAL IP LAW GROUP, LLC


By *s/ David Berten*
   David Berten
   (*pro hac vice pending*)
   55 W. Monroe St., Ste. 3400
   Chicago, IL 60603
   Telephone: (312) 241-1502
   *dberten@giplg.com*


*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT - 21
CASE NO.  2:23-cv-00592-JHC