1

2                                                      THE HONORABLE JOHN H. CHUN

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9    U.S. PATENT NO. 7,679,637 LLC          Case No. 2:23-cv-00592-JHC

                          Plaintiff,        **GOOGLE'S REPLY IN SUPPORT OF**
10                                          **ITS RULE 12(B)(6) MOTION TO**
          v.                                **DISMISS THE FIRST AMENDED**
11                                          **COMPLAINT**
     GOOGLE LLC,
12                                          **NOTE ON MOTION CALENDAR:**
                          Defendant.        **September 15, 2023**
13
                                            **ORAL ARGUMENT REQUESTED**
14

15

16

17

18

19

20

21

22

23

24

25

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)              **Perkins Coie LLP**
MOTION TO DISMISS                                    1201 Third Avenue, Suite 4900
(2:23-cv-00592-JHC)                                    Seattle, WA  98101-3099
                                                     Phone:  206.359.8000
                                                       Fax:  206.359.9000

1

# TABLE OF CONTENTS

2  I.   The '637 Patent Claims Patent-Ineligible Subject Matter. ....................................... 1

3     A.   Rule 12(b) Is A Proper Mechanism For Resolving Patent Ineligibility............................ 1

4     B.   Plaintiff Fails To Identify Any Facts Or Evidence In Support Of Patent Eligibility.......... 4

5     C.   Claims 2-5 Are Representative Of Claims 7-9 ....................................................... 7

6     D.   *Alice* Step 1: The Claims Of The '637 Patent Are "Results-Oriented" and Plaintiff Proposes No Claim Construction That Could Change That ....................................... 7

7     E.   *Alice* Step 2: The Elements Of The Asserted Claims Of The '637 Patent Are Generic, Routine, and Conventional ................................................................................. 10

8  II.   Plaintiff Failed To Plead Any Infringement Claim Upon Which Relief Can Be Granted.... 10

9     A.   Plaintiff Pleaded Infringing "Use," Not Manufacture, Sale, Or Offer To Sell ................ 10

10     B.   Plaintiff Fails To Distinguish Federal Circuit Authority ................................. 11

11  III.   CONCLUSION.................................................................................. 12

12

13

14

15

16

17

18

19

20

21

22

23

24

25

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – i
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

CASES

4

*Aatrix Software, Inc. v. Green Shades Software, Inc.,*
5
    882 F.3d 1121 (Fed. Cir. 2018)......................................................................................5

6

*Affinity Labs v. DirecTV,*
    838 F.3d 1253 (Fed. Cir. 2016)................................................................................6, 10
7

*Alice Corp. v. CLS Bank Int'l,*
8
    573 U.S. 208 (2014)................................................................................................2, 8

9

*B# on Demand LLC v. Spotify Tech. S.A.,*
    484 F. Supp. 3d 188 (D. Del. 2020)............................................................................8
10

*Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Can. (U.S.),*
11
    687 F.3d 1266 (Fed. Cir. 2012)....................................................................................2

12

*Berkheimer v. HP Inc.,*
    881 F.3d 1360 (Fed. Cir. 2018)....................................................................................5
13

*Bilski v. Kappos,*
14
    130 S.Ct. 3218 (2010)............................................................................................1, 4

15

*Brae Transp., Inc. v. Coopers & Lybrand,*
16
    790 F.2d 1439 (9th Cir. 1986)......................................................................................3

17

*BSG v. Buyseasons,*
    899 F.3d 1281 (Fed. Cir. 2018)....................................................................................8
18

*buySAFE, Inc. v. Google, Inc.,*
19
    765 F.3d 1350 (Fed. Cir. 2014)................................................................................6, 10

20

*Centillion Data v. Quest Commc'ns,*
    631 F.3d 1279 (Fed. Cir. 2011)..............................................................................11, 12
21

*ChargePoint v. SemaConnect,*
22
    920 F.3d 759 (Fed. Cir. 2019)......................................................................................5

23

24

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – ii
25
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014)...........................................................................................3

*DDR Holdings, LLC v. Hotels.com, L.P.*,
   773 F.3d 1245 (Fed. Cir. 2014)...........................................................................................6

*Dropbox, Inc. v. Synchronoss Techs., Inc.*,
   815 F. App'x 529 (Fed. Cir. 2020) ..................................................................................7, 10

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
   955 F.3d 1317 (Fed. Cir. 2020)...........................................................................................8

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
   525 F 3d 822 (9th Cir. 2008) ..............................................................................................3

*Free Stream Media Corp. v. Alphonso Inc.*,
   996 F.3d 1355 (Fed. Cir. 2021)...........................................................................................6

*Genetic Techs., Ltd. v. Merial L.L.C.*,
   818 F.3d 1369 (Fed. Cir. 2016)...........................................................................................2

*Genuine Enabling Tech. LLC v. Nintendo Co. Ltd.*,
   No. C19-00351-RSM, 2019 WL 3779867 (W.D. Wash. Aug. 12, 2019) ...............................1

*Grecia v. McDonald's Corp.*,
   724 Fed. Appx. 942 (Fed. Cir. 2018) .................................................................................12

*Groundswell Techs., Inc. v. Synapsense Corp.*,
   CV 15-06024-AB, 2016 WL 6661177 (C.D. Cal. Apr. 28, 2016)........................................2, 8

*Hyper Search, LLC v. Facebook, Inc.*,
   No. 17-1387-CFC-SRF, 2018 WL 6617143 (D. Del. Dec. 17, 2018)..................................2, 8

*Int'l Business Mach. Corp. v. Zillow Grp., Inc.*,
   549 F. Supp. 3d 1247 (W.D. Wash. 2021)..................................................................1, 3, 5, 7

*Int'l Business Mach. Corp. v. Zillow Grp., Inc.*,
   C20-1130 TSZ, 2022 WL 704137 (W.D. Wash. Mar. 9, 2022) ..............................................3

*Intellectual Ventures I v. Motorola Mobility*,
   870 F.3d 1320 (Fed. Cir. 2017)..........................................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Landmark Tech., LLC v. Assurant, Inc.*,
    No. 6:15-CV-76-RWS-JDL, 2015 WL 4388311 (E.D. Tex. July 14, 2015) ............................8

*Miles, Inc v. Scripps Clinic and Research Foundation*,
    951 F.2d 361, 1991 WL 276450 (9th Cir. 1991) .......................................................3

*Pivital IP LLC v. Twilio Inc.*,
    Case No. 1:20-cv-00254-RGA Dkt. 14 (D. Del.) ......................................................2

*Proctor & Gamble Co. v. QuantifiCare Inc.*,
    288 F. Supp. 3d 1002 (N.D. Cal. 2017) ..................................................................8

*PTP OneClick, LLC v. Avalara, Inc.*,
    413 F. Supp. 3d 1050 (W.D. Wash. 2019) ..............................................................3

*Realtime Data LLC v. Array Networks Inc.*,
    556 F. Supp. 3d 424 (D. Del. 2021) ......................................................................9

*Reese v. Sprint Nextel Corp.*,
    774 Fed. App'x 656 (Fed. Cir. 2019) ....................................................................2

*Shortridge v. Foundation Construction Payroll Service, LLC*,
    No. 14-cv-04850-JCS, 2015 WL 1739256 (N.D. Cal. Apr. 14, 2015) .........................1

*TecSec, Inc. v. Adobe*,
    978 F.3d 1278 (Fed. Cir. 2020).............................................................................8

*Traxcell v. Google*,
    No. 22-cv-04807-JSC, 2022 WL 17072015 (N.D. Cal. Nov. 17, 2022) ..................11, 12

*Weinberg v. Whatcom Cnty.*,
    241 F.3d 746 (9th Cir. 2001) ...............................................................................3

*Wireless Media Innovations LLC v. Maher Terminals, LLC*,
    100 F. Supp. 3d 405 (D.N.J. 2015) .......................................................................9

**STATUTES**

35 U.S.C. § 101 ................................................................................................ passim
35 U.S.C. § 112(6) .............................................................................................7
35 U.S.C. § 271(a) .............................................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The claims of the '637 patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101, and Plaintiff's allegations of direct (and by extension indirect) infringement fail to state a claim.  Plaintiff's response invokes general arguments but provides none of the required specifics to support them.  Regarding § 101, Plaintiff does little to defend what its patent actually claims—the controlling inquiry—beyond arguing the invention applies the idea of playing back recorded content to the field of web-conferencing.  But the Federal Circuit and Supreme Court have repeatedly held limiting an abstract idea to a field of technology does not salvage a claim. Nor does Plaintiff dispute the claimed elements are conventional components.  Regarding infringement, Plaintiff's FAC suffers from the same fundamental defect as its original, and Plaintiff fails to address much of the authority in Google's motion.  The Court should dismiss Plaintiff's claims with prejudice.

## I.      The '637 Patent Claims Patent-Ineligible Subject Matter.

### A.      Rule 12(b) Is A Proper Mechanism For Resolving Patent Ineligibility

Rather than defend the '637 patent claims on the merits, Plaintiff devotes much of its brief to urging the Court not to resolve this question.  But whether a patent is directed to eligible matter is a threshold legal question (*see Bilski v. Kappos*, 130 S.Ct. 3218, 3225 (2010)), and "[t]here is no question that a court may examine at the pleading stage whether a patent is directed to eligible subject matter…."  *Shortridge v. Foundation Construction Payroll Service, LLC*, No. 14-cv-04850-JCS, 2015 WL 1739256, at *6 (N.D. Cal. Apr. 14, 2015); *see also Int'l Business Mach. Corp. v. Zillow Grp., Inc.*, 549 F. Supp. 3d 1247, 1256 (W.D. Wash. 2021).  This threshold legal issue of patent eligibility has the "'hallmarks of a jurisdictional inquiry.'"  *Shortridge*, 2015 WL 1739256, at *6 (N.D. Cal.)[1] (quoting Judge Mayer's concurrence in *Ultramercial, Inc. v. Hulu, Inc.*, 772 F.3d 709 (Fed. Cir. 2014) that "extolled the virtues of 'addressing section 101 at the outset of litigation,' noting both doctrinal…and practical benefits").

---

[1] Because of the similarity between the Local Patent Rules, the reasoning of courts in the Northern District of California has been found instructive on procedural issues. *E.g. Genuine Enabling Tech. LLC v. Nintendo Co. Ltd.*, No. C19-00351-RSM, 2019 WL 3779867, at *4 (W.D. Wash. Aug. 12, 2019).

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 1
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

While courts commonly address eligibility under Rule 12, patent owners commonly urge delay due to purported "factual questions" and need for claim construction. Here, Plaintiff generally invokes these shopworn arguments. But Plaintiff points to no specific factual allegations in the FAC that preclude resolution of the issue. And while Plaintiff claims that construction of two terms is necessary, the Court need not conduct claim construction to resolve this Motion. "[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Can. (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012). Indeed "[i]n many cases…evaluation of a patent claim's subject matter eligibility under § 101 can proceed even before a formal claim construction," particularly where the Court concludes that none of the disputes are actually relevant to the eligibility analysis. *Genetic Techs., Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016). Plaintiff fails to offer proposed constructions or explain how those constructions would render the claimed elements non-conventional or transform the claims into "significantly more" than the abstract idea itself. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 225-26 (2014). And it needed to.[2] *See Hyper Search, LLC v. Facebook, Inc.*, No. 17-1387-CFC-SRF, 2018 WL 6617143, at *5 (D. Del. Dec. 17, 2018) (finding claims ineligible after faulting plaintiff for failing to "identify any claim construction issues that need[ed] resolution…that would affect the court's analysis"); *Groundswell Techs., Inc. v. Synapsense Corp.*, CV 15-06024-AB, 2016 WL 6661177, at *4 (C.D. Cal. Apr. 28, 2016) (similar).

Plaintiff's musings on whether certain claim elements might be limited do not establish a material dispute. *See Reese v. Sprint Nextel Corp.*, 774 Fed. App'x 656, 659-60 (Fed. Cir. 2019) (finding claim construction disputes irrelevant because the mere fact that proposed constructions might be "limited to a particular technological environment does not transform an otherwise

---

[2] To avoid such hand-waving, other courts have required a plaintiff to propose a construction if it believes there to be a relevant dispute. *E.g.*, *Pivital IP LLC v. Twilio Inc.*, Case No. 1:20-cv-00254-RGA Dkt. 14 (D. Del.).

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 2
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

abstract idea into a patent-eligible application"); *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (affirming 12(b) dismissal where "even when construed in a manner most favorable to [plaintiff], none of [plaintiff's] claims amount to 'significantly more' than the abstract idea").

Plaintiff's contention that consideration of Google's Exhibit 1 (the '213 patent) requires converting the instant motion to one for summary judgment is incorrect and contrary to Ninth Circuit precedent.[3] *See Miles, Inc v. Scripps Clinic and Research Foundation*, 951 F.2d 361, 1991 WL 276450, at *1 (9th Cir. 1991) (finding no abuse of discretion in judicially noticing a patent on a motion to dismiss without conversion to summary judgment);[4] *see also Int'l Business Mach. Corp. v. Zillow Grp., Inc.*, C20-1130 TSZ, 2022 WL 704137, at *2 (W.D. Wash. Mar. 9, 2022) (granting Rule 12(b)(6) motion after relying on extrinsic evidence without conversion to summary judgment); *PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1057 (W.D. Wash. 2019) (taking judicial notice of patent on motion to dismiss).

"The public interest that is served by 'eliminating defective patents…counsels strongly in favor of resolving subject matter eligibility at the threshold of litigation.'" *Int'l Business Mach.*, 549 F. Supp. 3d at 1256 (quoting *Ultramercial*, 772 F.3d at 719 (Mayer, C.J., concurring)). Were Plaintiff's bare assertions sufficient to survive this threshold determination of law, no patent would be found ineligible at the pleadings stage; yet courts routinely dismiss claims on this basis, and the

---

[3] Plaintiff attaches to its Opposition the "Declaration of David Berten Pursuant to Red. R. Civ. P. 56(d)." To the extent this declaration is intended to serve as a Rule 56(d) (formerly Rule 56(f)) motion, it is procedurally improper and substantively deficient for failing to allege with specificity why Plaintiff "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery."); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F 3d 822, 827 (9th Cir. 2008).

[4] As such, contrary to Plaintiff's argument, *Branch v. Trunnell* does not require conversion of Google's Motion to one for summary judgment when taking proper judicial notice of the '213 patent. (Opp. at 9.)

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 3
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Federal Circuit routinely affirms such dismissals.  This issue is appropriate for resolution by the Court now.

**B.      Plaintiff Fails To Identify Any Facts Or Evidence In Support Of Patent Eligibility**

Plaintiff spends much time on broad generalizations and little time on what the '637 patent actually claims.  For example, Plaintiff broadly asserts that the '637 patent is "very much technological in nature and that its claims have numerous specific limitations that Google's summary ignores."  (Opp. at 1; *see also* Opp. at 12-13.)  But Plaintiff identifies no limitation purportedly ignored by Google that transforms the abstract idea of playing back recorded content into an invention.  Nor does Plaintiff offer any explanation of the purportedly inventive combination of claim elements (other than use of the idea in web conferencing, which is insufficient to establish patent eligibility).

In contrast, Google established that the claim elements, both individually and collectively, were well-understood, routine, and conventional at the time of the invention.  The specification[5] admits that the claimed elements, such as "time-shifting" and "audio time-scale modification" technologies, were conventional (*see* Mot. at 3-6), and Plaintiff does not dispute that (Opp. at 10-11).  The specification likewise admits that the computer components, like "client applications," "server application," and "storage means for recording" were conventional.  (*See* Mot. at 6-7.) Plaintiff does not appear to dispute that the ***claim elements*** individually consist of conventional computer components.  (Opp. at 11.)  What Plaintiff does dispute is whether the ***claims*** were well-understood, routine, and conventional.  (Opp. at 11.)  But whether it is novel to implement the idea in the field of web conferencing is a separate question under the Patent Act, *see Bilski*, 130 S. Ct.

---

[5] Plaintiff cites *Berkheimer* for the proposition that disclosure in the prior art does not necessarily render a component well-understood, routine, or conventional.  (Opp. at 10-11.)  Nevertheless, the '213 patent's disclosures more than a decade earlier ae highly probative of the conclusion that the '637 patent's components are conventional (Mot. at 8); however, the Court need not even look beyond the specification to draw this conclusion.

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 4
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2

at 3225, and not the issue here.  Plaintiff has not identified *any* genuine dispute of fact as to whether the ***claim elements*** were well-understood, routine, and conventional.

3
4
5
6
7
8
9
10
11

       This case is a far cry from the *Aatrix* and *Berkheimer* cases Plaintiff cites.  (Opp. at 10.)  The patent-owner in *Aatrix* pointed to multiple "concrete allegations . . . that individual elements and the claimed combination are not well-understood, routine, or conventional activity" and regarding "the claimed combination's improvement to the functioning of the computer." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).  Plaintiff points to no such concrete allegations here and cannot, as the FAC contains none.  *Berkheimer* does not compel a different result.  In fact, the court found certain claims patent ineligible and reinforced that "[p]atent eligibility has in many cases been resolved on motions to dismiss," making clear that "nothing in this decision should be viewed as casting doubt on the propriety of those cases." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

12
13
14
15
16
17
18
19
20
21
22
23

       To the extent Plaintiff recites any other "facts," they do not establish a genuine dispute.  Plaintiff asserts that the '637 patent was more than a "thought exercise" because the inventor "built a working prototype" and identified "software subroutines."  (Opp. at 3.)  Such facts are red herrings; to rely on them to find eligibility would be error.  Neither building a prototype nor identifying software in the patent's specification transforms the ***claims*** into an invention.  The specification "'must always yield to the claim language,' which defines the breadth of the monopoly asserted by the patentee." *Int'l Business Mach.*, 549 F. Supp. 3d at 1257 (quoting *ChargePoint v. SemaConnect*, 920 F.3d 759, 766 (Fed. Cir. 2019)).  Plaintiff cannot simply point to an "illustrat[ion] [of] an implementation" (Opp. at 3) that falls within the breadth of a claim to demonstrate that the whole of the claim is directed to eligible subject matter. *ChargePoint*, 920 F.3d at 769 ("The § 101 inquiry must focus on the language of the Asserted Claims themselves, and the specification cannot be used to import details from the specification if those details are not claimed." (quotation omitted)).  "Even a specification full of technical details about a physical

24
25

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 5
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims." *Id.* Whatever embodiments the specification may disclose, it is the claim language to which the Court must look.

Plaintiff asserts that playing back recorded content was previously known only in a "separate field" and that it solved "technological problems specifically arising in the realm of [] web conferencing systems." (Opp. at 3-4.) But this contention standing alone does not pass muster, even under the Federal Circuit precedent Plaintiff cites. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258 (Fed. Cir. 2014) ("We caution, however, that not all claims purporting to address Internet-centric challenges are eligible for patent.").

Plaintiff contends that "web-based conferencing systems operate differently than DVRs" and that a TiVo could not itself be "used to record and playback web-based conferences." (Opp. at 4.) But the inability to simply cut and paste TiVo components into a web conferencing system does not render the idea of playing back recorded content eligible for patent. *See Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1365-66 (Fed. Cir. 2021) (finding that "working around the existing constraints" of the technology to implement an abstract idea using "conventional components and functions generic to [that] technology" was patent-ineligible).

Nor does limiting the '637 patent to web conferencing systems that use "two different applications" and "more than one data stream" lessen the abstractness of the idea. (Opp. at 4.) "At best, that narrowing is an 'attempt[ ] to limit the use' of the abstract…idea 'to a particular technological environment,' which has long been held insufficient to save a claim in this context." *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (collecting Supreme Court cases); *see also Affinity Labs v. DirecTV*, 838 F.3d 1253, 1258-59 (Fed. Cir. 2016). Importantly, even these limitations Plaintiff identifies merely claim the idea of using "two different applications" and "more than one data stream." The claims are not directed to a specific improvement, change, or implementation of those concepts as required to be patent-eligible.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

Plaintiff cannot survive the issue of patent-eligibility merely by disagreeing with the legal conclusion.  On a motion to dismiss, "courts must take all the factual allegations in the complaint as true—but are not bound to accept as true a legal conclusion couched as a factual allegation." *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529, 538 (Fed. Cir. 2020) (quotation omitted).  Allegations that "restate the claim elements and append a conclusory statement" that the inventions "were not well-known, routine, or conventional in the field…provide no more than a series of legal conclusion[s] about the § 101 analysis."  *Id.* (finding "the unsupported factual allegations constituted merely attorney arguments attempting to manufacture a factual question" (quotation omitted)).  The intrinsic record demonstrates that the claims of the '637 patent are directed to the application of an abstract idea with generic components.  Plaintiff needed to identify specific factual allegations that, when taken as true, establish a material dispute.  It did not, and it cannot.

## C.     Claims 2-5 Are Representative Of Claims 7-9

As explained in Google's Motion, claims 2-5 are representative of claims 7-9.  (Mot. at 21 n.5.)  "[C]laims may be treated as 'representative' if a patentee makes no 'meaningful argument for the distinctive significance of any claim limitations not found in the representative claim…." *Int'l Business Mach.*, 549 F. Supp. 3d at 1256 (quoting *Berkheimer*, 881 F.3d at 1365).  Plaintiff states that it "disagrees," but it does not identify *any* difference, much less a meaningful one, between claims 2-5 and 7-9 that it claims would impact the § 101 analysis.

## D.     *Alice* Step 1: The Claims Of The '637 Patent Are "Results-Oriented" and Plaintiff Proposes No Claim Construction That Could Change That

Faced with clearly results-oriented claims, Plaintiff turns to red herrings.  Plaintiff points to the permissibility of so-called means-plus-function claiming under 35 U.S.C. § 112(6) and identifies two terms that may or may not be "functional" terms under § 112(6):  "time-scale

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

modification component" and "storage means."[6]  (Opp. at 14-15.)  Plaintiff contends that the Court therefore cannot resolve the eligibility issue without first undertaking claim construction of these two terms.  Plaintiff is incorrect.

"[T]he mere presence of means plus function terms does not require a deferred ruling on validity under § 101." *Landmark Tech., LLC v. Assurant, Inc.*, No. 6:15-CV-76-RWS-JDL, 2015 WL 4388311, at *3, *5-6 (E.D. Tex. July 14, 2015) (citing *Bancorp Servs.*, 687 F.3d at 1273); *see also Proctor & Gamble Co. v. QuantifiCare Inc.*, 288 F. Supp. 3d 1002, 1030 (N.D. Cal. 2017) (accepting plaintiff's assertions regarding means-plus-function limitations but finding claims patent-ineligible).  Plaintiff offers no explanation as to how construction of either limitation could transform the claims into something "significantly more" than the abstract idea. *Alice*, 573 U.S. at 225-26.  And it needed to. *See Hyper Search*, 2018 WL 6617143, at *5; *Groundswell Techs*, 2016 WL 6661177, at *4.

Step 1 asks whether the claim—as a whole—is directed to "a specific improvement" or only "a desirable result or function." *TecSec, Inc. v. Adobe*, 978 F.3d 1278, 1293 (Fed. Cir. 2020); *see also Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1326 (Fed. Cir. 2020) ("We are mindful that the step one inquiry looks to the claims' 'character as a whole' rather than evaluating each claim limitation in a vacuum.").  Whether these two terms are functional or structural, the character of the claims remains the same. *Id.* ("[W]here, as here, the bulk of the claim provides an abstract idea, and the remaining limitations provide only necessary antecedent and subsequent components, the claim's character as a whole is directed to that abstract idea.").  The '637 patent does not purport to invent a technologically improved "storage means for recording" or "time-scale modification component." *See B# on Demand LLC v. Spotify Tech. S.A.*,

---

[6] Plaintiff makes its "functional claiming" arguments in conjunction with the Step 2 inquiry.  (Opp. at 14-16.)  But Step 2 does not ask whether the claims are directed toward a result or a method of achieving that result, *i.e.*, whether they are "functional."  Step 2 asks whether the claim elements "both individually and as an ordered combination" supply an "inventive concept." *BSG v. Buyseasons*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018).

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 8
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

484 F. Supp. 3d 188, 205-06 (D. Del. 2020) (declining to construe means-plus-function claims, finding "no inventive concept because it is not directed to 'an improvement in computers as tools,' but instead asserts an 'independently abstract idea[] that use[s] computers as tools.'" (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016)). Plaintiff's vague means-plus-function arguments are therefore "beside the point." *Wireless Media Innovations LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405, 413-15 (D.N.J. 2015) (declining to construe means-plus-function terms, finding it "apparent…that this claim is limited to the general steps and ***means*** for monitoring, recording, sorting, communicating and generating location and load status information…." (emphasis added)).

Unable to muster facts that support its patent, Plaintiff deflects with generalizations about ***Google's*** patents that it claims "relate to 'playing back recorded content.'" (Opp. at 8.) To the extent that Plaintiff suggests that the existence of patents in the "same technical area" renders the subject matter that is ***actually claimed*** in the ***'637 patent*** any less abstract, such a contention is absurd and unsupported by any precedent. Plaintiff's focus on a Google patent ("the Google '152 patent") and its purported "functional claiming" fares no better. (Opp. at 17.) The question of law before the Court concerns the subject matter claimed by the ***'637 patent***. Claims in an unrelated patent filed four years after the '637 patent issued have nothing to do with any issue before the Court. *See Realtime Data LLC v. Array Networks Inc.*, 556 F. Supp. 3d 424, 434 (D. Del. 2021) (rejecting alleged "admissions" in unrelated patents regarding purported technical problem and unresolved need for a solution because the court "must consider the asserted patents based on what they claim and statements in unrelated patents do not change that analysis."). Plaintiff's focus on Google's patents rather than defending its own on the merits speaks volumes. While not remotely discoverable, what a fact witness might say about a later-filed patent has no bearing on the legal question concerning the claims of the ***'637 patent*** at issue Plaintiff cites no authority sanctioning its "whataboutism," and it is an invitation to error.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**E.**   ***Alice* Step 2: The Elements Of The Asserted Claims Of The '637 Patent Are Generic, Routine, and Conventional**

As explained in Google's Motion, the claim elements consist of routine functions carried out by generic and conventional components.[7]  (Mot. at 20-24.)  Plaintiff does not disagree that the component elements themselves are generic.  And Plaintiff's argument that limiting the application of the idea to web-conferencing renders it non-abstract has been resoundingly rejected.  *buySAFE*, 765 F.3d at 1355 (collecting Supreme Court cases); *Affinity Labs*, 838 F.3d at 1258-59.  The only response left to Plaintiff, then, is to disagree with the conclusion to be drawn from the evidence and legal precedent.  But mere disagreement cannot carry the day.  *Dropbox*, 815 F. App'x at 538.  Plaintiff needed to explain the innovation reflected in the ***claims***.  This failure to identify any specific factual allegations evidencing the transformation of an abstract idea into an invention only underscores the ineligibility of the subject matter claimed in the '637 patent.

**II.**   **Plaintiff Failed To Plead Any Infringement Claim Upon Which Relief Can Be Granted**

Plaintiff's FAC suffers from a fundamental problem:  establishing infringement under the law generally requires a single party to infringe every element of a claim.  Plaintiff's original Complaint premised its case on products that must be separately downloaded, configured, and used by third parties, many of which Google does not even make.  In response to Google raising this issue,[8] Plaintiff filed a FAC but did not change its underlying theory, and the window-dressing allegations it added are insufficient to paper over that core deficiency.

**A.**   **Plaintiff Pleaded Infringing "Use," Not Manufacture, Sale, Or Offer To Sell**

Recognizing its failure to adequately plead an infringing "use," Plaintiff's response leads with attempts to recast its infringement theory as manufacture, sale, or offer for sale.  But the FAC

---

[7] The generic nature of the claim elements is further evidenced by the '213 patent attached as Exhibit 1 to Google's Motion, but the Court need not look beyond the four corners of the '637 patent to draw this conclusion.

[8] *See* Exhibit Ex. 3 (July 13, 2023 letter to D. Berten).

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 10
(2:23-cv-00592-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

is clear: Plaintiff's pleaded theory is infringement by "use." Each count's substantive allegations address only "use"; none even mentions an offer for sale, a sale, or "making" as a basis for infringement. (*See* FAC ¶¶ 47-49, 46-58, 75-77, 83-85.) The only paragraph Plaintiff cites in support for its unpled theories (¶ 37) simply parrots the statutory section it cites setting forth the legal requirement for infringement. (*Compare* FAC at ¶ 37 *with* 35 U.S.C. § 271(a) ("whoever . . . makes, uses, offers to sell, or sells any patented invention . . . infringes").) This is insufficient under *Iqbal* and *Twombly*.

### B.    Plaintiff Fails To Distinguish Federal Circuit Authority

As explained in Google's Motion, the standards for pleading "use" are clearly set forth in *Grecia*,[9] *Syncronoss*, *Centillon*, *Traxcell*, and *Intellectual Ventures I*, which render evident the deficiencies in Plaintiff's allegations. (*See* Mot. at 24-29.) Plaintiff has no meaningful response to its failure to address these requirements and does not cite, much less address, these decisions other than *Centillion*.

As set forth in *Intellectual Ventures I*, establishing an infringing "use" requires establishing that a single actor "control (even if indirectly) and benefit from each claimed component." *Intellectual Ventures I v. Motorola Mobility*, 870 F.3d 1320, 1329 (Fed. Cir. 2017). Where "it is entirely the decision of the customer whether to install and operate [the] software," there can be no control by the software provider over the accused system. *Centillion Data v. Quest Commc'ns*, 631 F.3d 1279, 1287 (Fed. Cir. 2011). Therefore, that "the FAC alleges that Google provides software that a user can configure…is insufficient to state a claim against the software provider." *Traxcell v. Google*, No. 22-cv-04807-JSC, 2022 WL 17072015, *4 (N.D. Cal. Nov. 17, 2022)

---

[9] Plaintiff asserts *Grecia* is "non precedential" but ignores that Fed. R. App. Pro. 32.1 provides: "A court may not prohibit or restrict the citation of federal judicial opinions . . . that have been . . . designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like and the Federal Circuit rule Plaintiff cites explains: "[p]arties are not prohibited or restricted from citing nonprecedential dispositions" and the Federal Circuit "may look to [them] . . . for guidance or persuasive reasoning."

GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
MOTION TO DISMISS – 11
(2:23-cv-00592-JHC)

(citing *Centillion*).  The evidence must "explain how Google controls each element rather than a user doing so via [a Google application]."  *Id*.  Plaintiff did not do so in its FAC.

As *Grecia* explained, *Intellectual Ventures I* rejected identification of a "vague benefit" that like Plaintiff does here that was "equivalent to stating that [Defendant] benefits from the claimed system as a whole."  *Grecia v. McDonald's Corp.*, 724 Fed. Appx. 942, 947 (Fed. Cir. 2018).  The "alleged benefit should be tangible, not speculative, and tethered to the claims."  *Id.*

Plaintiff does not dispute that Google does not even make the encoders to which Plaintiff points.  Dismissal as to these claims is required.  Moreover, that Google offers mobile applications and Google Meet makes no difference, as users still must download and/or configure the products under Plaintiff's theory.  *See Centillion*, 631 F.3d at 1286 ("[s]upplying the software for the customer to use is not the same as using the system"); *Traxcell*, 2022 WL 17072015, at *3.

Plaintiff's indirect infringement claims suffer from the same deficiencies.  At the very least, claims for indirect infringement prior to the Complaint should be dismissed for failure to allege knowledge and intent to induce infringement.

## III.   CONCLUSION

For these reasons, Google respectfully requests dismissal of the FAC with prejudice.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Dated:  September 15, 2023                Respectfully submitted,

2
                                              By: */s/ Ryan J. McBrayer*
3                                                 Ryan J. McBrayer, WSBA No. 28338
                                                  PERKINS COIE LLP
4                                                 1201 Third  Avenue, Suite 4900
                                                  Seattle, WA 98101-3099
5                                                 Telephone: 206.359.8000
                                                  Facsimile: 206.359.9000
6                                                 Email: RMcBrayer@perkinscoie.com

7                                                 Michael C. Hendershot
                                                  JONES DAY
8                                                 1755 Embarcadero Road
                                                  Palo Alto, CA 94303
9                                                 Telephone: 650-739-3940
                                                  Email: mhendershot@jonesday.com

10                                                Rita J. Yoon
                                                  JONES DAY
11                                                555 California Street, 26th Floor
                                                  San Francisco, CA 94104
12                                                Telephone: 415-875-5816
                                                  Email: ryoon@jonesday.com

13                                                ***Attorneys for Defendant Google LLC***

14

15

16                          **CERTIFICATE OF COMPLIANCE**

17        I certify that this motion contains 4,196 words in compliance with the Local Civil Rules.

18

19        DATED this 15th day of September 2023.

20                                                */s/ Ryan J. McBrayer*
                                                  Ryan J. McBrayer

21

22

23

24

25   GOOGLE'S REPLY IN SUPPORT OF RULE 12(b)(6)
     MOTION TO DISMISS – 13
     (2:23-cv-00592-JHC)